UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LaMonica Family Limited Partnership, LLC, and LaMonica Beverages, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> West Bend Mutual Insurance Company, <br><br> Defendant. | No. 3:23-cv-50258 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs LaMonica Family Limited Partnership, LLC, and LaMonica Beverages, Inc., (collectively "LaMonica") bring this action against West Bend Mutual Insurance Company ("West Bend"). Before the Court is West Bend's motion to dismiss. For the following reasons, the motion is granted.

**I. Background**

LaMonica owned a large commercial building in Loves Park, Illinois. Dkt. 1-1 at 3 ¶¶ 4, 6. LaMonica and West Bend entered into an insurance agreement in which West Bend agreed to insure LaMonica for certain losses; the relevant policy was in effect from October 1, 2019, to October 1, 2020. *Id.* at 3 ¶ 8. The policy covered, among other things, damage to LaMonica's building by hail and wind and obligated West Bend to pay for the cost of replacing damaged portions of the building. *Id.* at 4 ¶¶ 10-11, 24. If LaMonica and West Bend disagreed on the amount of loss, the policy provided that either party could demand an appraisal, in which

1

each party would choose an appraiser, and the appraisers would choose an umpire to resolve any differences in appraisals. *Id.* at 3 ¶ 9. Any legal action under the policy had to be "brought within 2 years after the date on which the direct physical loss or damage occurred." *Id.* at 68. The policy also added to that limiting provision: "The two year period for legal action against us is extended by the number of days between the date the proof of loss is filed with us and the date we deny the claim in whole or in part." *Id.* at 26.

On August 10, 2020,[1] the roof of LaMonica's building was damaged by severe wind and hail. *Id.* at 3 ¶¶ 4, 6. LaMonica submitted a claim to West Bend and provided all the required information by October 10, 2020. *See id.* at 7 ¶ 34. Erik Hinthorne, an adjuster from West Bend, submitted an estimate, dated June 3, 2021, of $603,862.23 and 601.3 square feet of roofing material to be replaced. *Id.* at 4 ¶ 13. On July 21, 2021, Mr. Hinthorne agreed to a total replacement cost of $950,000.00, which West Bend paid. *Id.* at 4 ¶ 12, 12 ¶ 36.

By June 27, 2022, the roof work had been completed by CLA Exteriors, LLC ("CLA"). *Id.* at 4 ¶ 14. On July 6, CLA submitted to West Bend a revised estimate of $1,640,305.42 and 780 square feet of roofing material. *Id.* That same day, Mr. Hinthorne asked CLA for "backup" to support the additional costs. *Id.* at 4 ¶ 15. The additional costs were never denied. *Id.*

Invoking the appraisal provision of the insurance contract, LaMonica sent a demand letter to West Bend on May 16, 2023. *Id.* at 5 ¶ 16. According to the letter,

---

[1] In its complaint, LaMonica uses "on or about" for most dates, but the Court assumes for readability that the events occurred "on" those dates.

2

the roof replacement cost had reached $2,369,459.02. *Id.* at 6 ¶ 26, 162. West Bend denied the appraisal demand on May 19, 2023, stating that enforcement of an appraisal demand was effectively a declaratory judgment and therefore time-barred by the insurance contract's suit-limitations provision. *Id.* at 5 ¶ 17, 6 ¶ 23, 199.

## II. Legal Standard

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). The Court may consider documents other than the complaint "when they are referenced in the complaint and central to the plaintiff's claim." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

## III. Analysis

### A. Counts I-II

The first two counts in LaMonica's complaints center around the insurance contract; Count I asks the Court to declare that West Bend must pay the full replacement cost of the roof or participate in the appraisal process, and Count II is a

3

breach-of-contract claim. For both Counts I and II, West Bend argues that LaMonica's claims are time-barred.

LaMonica responds first that an affirmative defense is inappropriate at this stage of the action. It's true that the Seventh Circuit has generally counseled courts to refrain from granting Rule 12(b)(6) motions on affirmative defenses. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). "But when all relevant facts are presented, the court may properly dismiss a case before discovery . . . on the basis of an affirmative defense." *Id.*; *Brooks*, 578 F.3d at 579. This applies to West Bend's timeliness defense. *See Brooks*, 578 F.3d at 579.

Under Illinois law, reasonable contractual limitations requiring suit to be brought within a specific period of time are valid. *Country Preferred Ins. Co. v. Whitehead*, 71 N.E.3d 338, 341 (Ill. App. Ct. 2016); *Florsheim v. Travelers Indem. Co.*, 393 N.E.2d 1223, 1228 (Ill. App. Ct. 1979); *Weyers v. Travelers Pers. Ins. Co.*, No. 14-cv-5070, 2015 U.S. Dist. LEXIS 164639, at *7-8 (N.D. Ill. Dec. 8, 2015). Before considering any waiver or tolling arguments, the parties agree that the limitations period would have expired on August 10, 2022. *See* Dkt. 32 at 2; Dkt. 35 at 1.[2]

Both the contract and section 143.1 of the Illinois Insurance Code allow LaMonica to toll the limitations period by filing proof of loss. Dkt. 1-1 at 26; 215 ILCS 5/143.1 ("[T]he running of such period is tolled from the date proof of loss is

---

[2] LaMonica gestures at an argument that the two-year limitations period didn't start until the completion of the repair work, Dkt. 32 at 2, but fails to properly develop this argument. *See United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments . . . are waived.").

4

filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part."). West Bend's requirement for proof of loss was defined in the policy under the section titled "Duties in the Event of Loss or Damage": "Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms." Dkt. 1-1 at 52-53 (cleaned up).

LaMonica doesn't reject that this provision creates a proof-of-loss requirement, but it argues that West Bend waived the requirement. Dkt. 32 at 8-9. It relies on *Mathis v. Lumbermans Mutual Casualty Insurance Co.*, 822 N.E.2d 543 (Ill. App. Ct. 2004), in which the court found that the insurance company had waived compliance with its proof-of-loss requirement because it denied the plaintiff's claim on other grounds. 822 N.E.2d at 547. LaMonica also argues that it wasn't required to send a signed and sworn proof of loss because West Bend never requested one. However, even if West Bend waived the proof-of-loss requirement in this case, that doesn't necessarily open the door to other forms of proof of loss, nor does it answer whether West Bend waived the time limit to bring suit. *See id.*; *Jenkins v. State Farm Fire & Cas. Co.*, 2017 IL App (1st) 160612-U ¶ 20 (2017).

LaMonica also argues that West Bend waived its timeliness defense under the suit-limitations provision "by continuing to act under the policy without referencing its statute of limitations defense after it had expired." Dkt. 32 at 7. According to LaMonica, West Bend should have denied the claim and raised the defense on July 6, 2022, instead of asking for backup (suggesting that it was

5

continuing to investigate the claim instead of planning on denying it). *Id.* at 8, 11. But this is before the expiration of the limitations period on August 10, 2022. The only interaction after the expiration that is pleaded in the complaint is the exchange in May 2023, in which West Bend, *citing the contractual time limit*, denied the appraisal demand.

Some of LaMonica's cited authorities address entirely different questions concerning waiver of the limitations period. In analyzing whether the time limit had been waived (separate from the waiver of a proof-of-loss requirement), *Mathis* found that the insurer had waived the time limit because it violated section 919.80(d)(8)(C) of the Illinois Administrative Code. 822 N.E.2d at 547, 550. Nor does *Stoltz v. National Indemnity Co.*, 104 N.E.2d 320 (Ill. App. Ct. 1952), provide any value on the question before the Court because that case turned on a mistake in the insurance policy. 104 N.E.2d at 323.

LaMonica's other cited authorities are distinguishable. In *Kenilworth Insurance Co. v. McDougal*, 313 N.E.2d 673 (Ill. App. Ct. 1974), the insurer denied coverage for an automobile collision because there was no physical contact, but it had the information needed to make that determination for over eight months before informing the insured. 313 N.E.2d at 676. Similarly, in *American Access Casualty Co. v. Tutson*, 948 N.E.2d 309 (Ill. App. Ct. 2011), the insurer had the necessary information to deny the claim when the clock ran out. 948 N.E.2d at 314 ("*Despite being in possession of that information*, [the insurer] did not deny [the insured]'s claim during the two-year limitation period." (emphasis added)). In this

6

case, at the time that West Bend asked for additional support of the increased costs, there was no limitations period defense available because there was still nearly a month before the limitations period expired for LaMonica to submit additional information. West Bend didn't need to deny the claim on July 6, 2022, because it couldn't have known at that time that LaMonica would fail to submit backup.

LaMonica suggests that West Bend already knew it would deny the claim on July 6. *See* Dkt. 32 at 8. Even looking at the facts in LaMonica's favor, however, there is no reasonable inference that West Bend intended to deny the additional cost when it asked for backup. The roof work had been completed at that point, so asking for supporting documentation that was more concrete than an estimate, combined with the fact that West Bend had already paid the original claim amount before the roof work started, leaves no room to infer that West Bend intended to deny the extra costs when it asked for further information from LaMonica on July 6.

Amidst its waiver arguments, LaMonica contends that the revised estimate submitted on June 27, 2022, counts as a proof of loss under West Bend's policy. Dkt. 32 at 7. It argues that because West Bend never requested a proof of loss, the policy didn't require a proof of loss to be submitted in a certain form. *Id.* But courts have held otherwise; the lack of a request doesn't change the rest of the provision. *Trinity Bible Baptist Church v. Fed. Kemper Ins. Co.* 578, N.E.2d 1375, 1377 (Ill. App. Ct. 1991) ("The phrase in the proof-of-loss provision, 'send to us within 60 days after our *request*,' does not dictate the *form* of the proof of loss. Rather, the phrase operates as a condition precedent to the companies' requirement that a proof-of-loss

7

be filed. [The insurers] admit that they never requested a proof of loss. Whether or not the request was made, however, is irrelevant to the form which the proof is to take."); *see also Weyers*, 2015 U.S. Dist. LEXIS 164639, at *8. It is not pleaded that the revised estimate was a signed, sworn proof of loss, so the estimate wasn't sufficient to toll the limitations period.

Based on the well-pleaded facts before the Court, the contractual time limit wasn't waived, and LaMonica failed to toll the limitations period. LaMonica filed this action on June 5, 2023, nearly ten months after the expiration of the limitations period, so its claims under the insurance contract are time-barred.

**B. Count III**

In addition to its contract claims, LaMonica advances a negligence claim for Mr. Hinthorne's alleged mismeasurement of the roof. West Bend argues that this claim attempts to take another shot at the alleged breach of contract. Dkt. 27 at 7-8.

"[A]n insurer's conduct may give rise to both a breach of contract action and a separate and independent tort action," but the plaintiff must "actually allege[] and prove[] the elements of a separate tort." *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 904 (Ill. 1996). LaMonica has not alleged a separate tort. It seeks the same amount in damages under both breach of contract and negligence—$1,420,459.02—stemming from the same dispute over how much the roof repair cost. *See Young v. Allstate Ins. Co.*, 812 N.E.2d 741, 757-58 (Ill. App. Ct. 2004) (finding that "a separate tort claim is not necessary and is inapplicable" because the plaintiffs

8

already brought a breach of contract claim alleging that the insurer refused to pay the amount due under the insurance contract).[3]

## IV. Conclusion

LaMonica's complaint is dismissed. Because plaintiffs are not required to anticipate facts needed to defeat affirmative defenses, the dismissal is without prejudice. LaMonica has until May 1, 2024, to amend. The Court counsels against an amended pleading unless LaMonica can allege facts that show its claims are not time-barred under the analysis in this order. If no amended complaint is filed by May 1, 2024, the dismissal with convert to a dismissal with prejudice.

Date: April 1, 2024

_____
Honorable Iain D. Johnston
United States District Judge

---

[3] Although the contract claims are time-barred, that still doesn't mean the tort claim should be allowed. *See Khan v. BDO Seidman, LLP*, 948 N.E.2d 132, 160 (Ill. App. Ct. 2011).